AT THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Marshall Fisher (Mississippi Commissioner of Public Safety), Herb Frierson (Mississippi Commissioner of Revenue), Jim Hood (Mississippi Attorney General), Marvin Vaughn<br>        Plaintiffs<br><br>vs.<br><br>Tracy Arnold,<br>        Respondent | Cause #<br><br>Jury NOT requested by Tracy:<br>"*Deuteronomy 25:1: If there be a controversy between men, and they come unto judgment, that the judges may judge them; then they shall justify the righteous, and condemn the wicked.*"<br><br>RESPONDENT'S NOTICE OF REMOVAL |

RESPONDENT FILES THIS NOTICE OR REMOVAL UNDER 28 USC §1446(A).

## 1. INTRODUCTION

1.1. Plaintiff is Marshall Fisher, Mississippi Commissioner of Public Safety, who can be served process at 1900 East Woodrow Wilson Avenue Jackson, Ms 38216 or Po box 958 Jackson 39205.

1.2. Plaintiff is Herb Frierson, Mississippi Commissioner of Revenue, who can be served at Po box 22828 Jackson ms 39215.

1.3. Plaintiff is Jim Hood, Mississippi Attorney General, who can be served at P.O. Box 220, Jackson, MS 39205.

1.4. Plaintiff is Marvin Vaughn, Mississippi State Trooper, who can be served at 22000A Highway 35 North, Batesville, MS 38930.

1.5. Respondent is Tracy Arnold, Pro Se, who is not a resident of Mississippi nor is Tracy domiciled in Mississippi. Tracy sojourns near and far from Adamsville Tennessee and can be reached by postal service at 1400 Harris Rd Adamsville Tennessee [38310].

1.6. On August 18, 2018 plaintiffs sued respondent in the Clarksdale Mississippi Justice Court for "B51 no driver's license / expired" of "23 CFR Ch. 3 Part 1327 appendix A" established under 49 USC 30301.

1.7. Respondent was served with notice of the suit on August 18, 2018. Respondent files this notice within the 30-day time period required by 28 USC §1446(b)(1).

## 2. BASIS FOR REMOVAL

2.1. Removal is proper because plaintiff's suit is civil in nature and involves a federal question see 28 USC §§1331, 1441(a).

2.2. Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 USC §1446(a).

2.3. Venue is proper in this district under 28 USC §1441(a) because the state court where the action has been pending is located in this district.

2.4. Respondent will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

2.5. There are no State of Mississippi issues on the face of the suit.

2.6. Tracy Arnold, is the only named Respondent in this instant suit.

## 3. FACTS

### 3.1. ON THE FACE OF THE COMPLAINT

3.1.1. Plaintiff raises a federal question on the face of the complaint. The offense alleged arises under 23 CFR Ch. 3 Part 1327 appendix A Part 1.

3.1.2. The Mississippi Supreme Court has already ruled that everything on the face of the ticket fully informs the Respondent. (see Wheeler v. Stewart, 798 So. 2d 386 (Miss. 2001))

3.1.3. The only thing on the face of the Ticket is federal regulation.

3.1.4. Pursuant to United States v. Hess the matters alleged cannot be implicated by

CERTIFIED A TRUE COPY
This ___ day of _____, 20__
Darlean Lake, Justice Court Clerk
Coahoma County, Mississippi
By _____ D.C.

recital or implication and there is nothing on the face of the complaint other than federal questions.

3.1.5 . Pursuant to United v. Mersky when the regulation and statute are inextricably intertwined strict construction of the statute is required which ties 23 CFR Ch. 3 Part 1327 to 49 U.S.C chapter 303.

3.1.6 . If it not be commerce, Congress has no concern with it. (see 22 U.S. 1, Gibbons v. Ogden)

3.1.7 . Every code printed on the face of the Mississippi Traffic Ticket are federal record keeping codes used by the National Driver Register Advisory Committee (see 49 U.S.C. 30306) who is the AAMVA(American Association of Motor Vehicle Administrators), to communicate convictions and for cause withdrawals, already completed, to the NDR(National Driver Register) and other participating states. (see 23 CFR Ch. 3 Part 1327 appendix A, Part 1 and 2)

3.1.8 . The Offenses alleged on the face of the complaint are not found within Mississippi Code or Mississippi Administrative Code.

3.1.9 . The B51 is merely a Dictionary Code used to communicate to the NDR and other states for cause withdrawals.

3.1.10 . The B51 provides no facts or circumstances to constitute contents of an affidavit.

3.1.11 . Title 23 CFR Ch. 3 Part 1327.5(2) defines Appendix A Part 1 for cause withdrawals as motor vehicle operator's license that have been denied, canceled, revoked, or suspended for cause.

3.1.12 . The State of Mississippi is a participating state in the NDR under 49 USC 30303 [Title 49 -Transportation Subtitle VI-Motor Vehicle and Driver Programs Part A- General Chapter 303- National Driver Register].

3.1.13 . Title 23 CFR Ch. 3 Part 1327 is regulation to implement law passed by Congress see 49 U.S.C. Chapter 303.

CERTIFIED A TRUE COPY
This ___ day of ___, 20__
Darlean Lake, Justice Court Clerk
Coahoma County, Mississippi
By ___ D.C.

3.1.14 . Title 31 Miss. Code. R. Part 1 Rule 10.13 states the following and is authorized by Miss. Code $$ 45-1-3, 63-1-201:

1. The State of Mississippi, Department of Public Safety, is **mandated by federal law to develop and implement a subsystem of the driver license system called the "Problem Driver Pointer System" (PDPS). This system will allow us to send "interactive" inquiries to the National Driver Register (NDR) for all drivers.** The NDR houses information about all problem drivers (suspensions, revocations, etc.) in every state. Currently we can only send and receive interactive inquiries to the NDR on CDL drivers through the CDLIS System (a vital part of the driver license system). Other states are currently active PDPS States and have been for some time now. The Problem Driver Pointer System will go into production on January 2, 1995 for the State of Mississippi. 2. As part of the licensing process, we are required to make an inquiry to the NDR/PDPS on first time non-minimum age drivers (all originals). If the inquiry response returns "possible matches", you must determine if the applicant and the inquiry response information are the same individual. If they are, "DO NOT LICENSE". The information you receive will contain each state, the state address, and phone number that may have an outstanding action against that driver. It is the driver's responsibility to resolve the issue with each state.

3.1.15 . Plaintiff's federal-question arises under the commerce clause of the US Constitution.

### 4. IF IT NOT BE COMMERCE, CONGRESS HAS NO CONCERN WITH IT

4.1 . Title 6 CFR Ch. 1 Part 37 regulates the application and documents the applicant must provide, document verification requirements, physical features, surface and other aspects of the Drivers License and Identification Card.

4.2 . Title 6 CFR is the Executive implementation of 49 U.S.C. Chapter 303, specifically for Drivers Licenses and Identification Cards.

4.3 . Title 23 CFR Chapter 3 is the Executive implementation of 49 U.S.C. Chapter 303, specifically for procedures for participating in and receiving information from the national driver register problem driver pointer system.

((p206) "....Congress may control the State laws so far as it may be necessary to control them for the regulation of commerce. ....(p210) ..That regulation is de-



signed for the entire result,.... It produces a uniform whole...") Gibbons v. Ogden 22 U.S. 1

Congress is powerless to regulate anything which is not commerce CARTER v. CARTER COAL CO. ET AL. HELVERING, 56 S. Ct. 855, 298 U.S. 238 (U.S. 05/18/1936)

4.4 . Plaintiff Marvin Vaughn at the stop alleged Tracy Arnold must have a "driver's license" for the mere use of the roads.

4.5 . Plaintiff Marvin Vaughn did not attempt to find whether Tracy Arnold was engaged in interstate or intrastate commerce.

4.6 . Tracy Arnold is not a resident of Mississippi.

4.7 . Tracy Arnold is not domiciled in Mississippi.

4.8 . Mississippi Code Reciprocity 27-19-143 states: "....through their respective enforcement divisions, concerning the operation of all motor vehicles, properly registered in such other state upon and over the public highways of the State of Mississippi, in foreign or interstate commerce, without the payment of the privilege license tax provided for in this article, provided that the state with which such agreement is entered into extends like privileges to vehicles properly registered in the State of Mississippi;"

"The essential elements of the definition of privilege is occupation and business, and not the ownership simply of property, or its possession or keeping it. The tax is on the occupation, business, pursuits, vocation, or calling, it being one in which a profit is supposed to be derived by its exercise from the general public, and not a tax on the property itself or the mere ownership of it."...."The legislature cannot, under our constitution, declare the simple enjoyment, possession, or ownership of property of any kind a privilege, and tax it as such. It may declare the business, occupation, vocation, calling, pursuit, or transaction, by which the property is put to a peculiar use for a profit to be derived from the general public, a privilege and tax it as such, but it cannot tax the ownership itself as a privilege. The ownership of the property can only be taxed according to value.") Phillips v. Lewis, 3 Shann. Cas. 231

4.9 . Tracy Arnold alleges the Driver's License in black letter law is a tax receipt and permission to engage in for profit activity affecting a public interest, in interstate or




intrastate commerce. It's provisions and regulations are dominated by Congress and if it not be commerce then Congress has no concern with it. The Executive Branch and Judicial Branches of Mississippi have misapprehended the law as passed by the Mississippi Legislature and in place of the law, the executive branch has resurrected and enforced Chief Justice Taney's Dred Scott decision on all races alike not just the 'slave races' as Taney put it.

((412)"....to treat them as an inferior class, and to subject them to strict police regulations, drawing a broad line of distinction between the citizen and the slave races,....(414)... is also a provision by which any negro, Indian, or mulatto servant who was found wandering out of the town or place to which he belonged without a written pass such as is therein described was made liable to be seized by anyone, and taken before the next authority to be examined and delivered up .... to pay the charge which had accrued thereby. And..... provides that if any free negro shall travel without such pass, and shall be stopped, seized, or taken up, he shall pay all charges arising thereby. And this law was....... associated with servants and slaves in the police regulations established by the laws of the State...(416)... For if they were so received, and entitled to the privileges and immunities of citizens, it would exempt them from the operation of the special laws and from the (417) regulations which they considered to be necessary for their own safety. It would give to persons of the negro race, who were recognised as citizens in any one State of the Union, the right to enter every other State whenever they pleased, singly or in companies, without pass or passport, and without obstruction, to sojourn there as long as they pleased, to go where they pleased at every hour of the day or night without molestation, unless they committed some violation of law for which a white man would be punished; and it would give them the full liberty of speech in public and in private upon all subjects upon which its own citizens might speak; to hold public meetings upon political affairs, and to keep and carry arms wherever they went. And all of this would be done in the face of the subject race of the same color, both free and slaves, and inevitably producing discontent and insubordination among them, and endangering the peace and safety of the State.") Scott v. Sandford, 60 U.S. 393, 19 How. (1856)

5. PLAINTFF'S SUIT AGAINST TRACY ARNOLD IS CIVIL IN NATURE

5.1. The Mississippi Misdemeanor Traffic Ticket is not governed by Mississippi Criminal Rules of Procedure see MRCrP 3.1(c) comments. "these rules do not apply to



traffic misdemeanors and misdemeanor traffic tickets are governed by statute MS Code § 63-9-21"

5.2 . MS Code § 63-9-21 reads "the ticket shall include information that will constitute a complaint charging the offense for which the ticket was issued..."

5.3 . Mississippi has no rules in Mississippi Code or Administrative Procedure providing any procedure for challenging the misdemeanor traffic tickets.

5.4 . Mississippi has no rules in Mississippi Code or Administrative Procedure for any probable cause determination or evidence required for the misdemeanor traffic tickets.

5.5 . Mississippi has no rules or procedure in Mississippi Code, Administrative Code or Criminal Rules providing the procedure for appealing misdemeanor traffic tickets from Municipal or Justice Courts.

5.6 . Tracy Arnold did not operate a motor vehicle.

5.7 . Tracy Arnold did not engage in any privilege.

5.8 . The privilege of operating a motor vehicle requires using the roads for livelihood or gain and affecting a public interest.

5.9 . If it is false that the Driver's License is the permission to engage in interstate or intrastate commerce then the Driver's License is a resurrection of Chief Justice Taney's Dred Scott decision and without the Driver's License/ Mere Pass for Travel, Tracy Arnold will continue to be stopped, seized, taken up and shall pay all charges arising thereby and Tracy Arnold will continue to be treated as an inferior class because Tracy's truly and sincerely held religious beliefs forbid her from committing **fraud upon the state.**

("But, when no trade is carried on, or intended to be carried on, under the license, it is clear that the license **is a fraud upon the State law**, if that law is in other respects valid.") Gibbons v. Ogden, 22 U.S. 1, (U.S. 3/2/1824).

5.10 . This is blatant discrimination by unconstitutional application of general revenue

CERTIFIED A TRUE COPY
This ___ day of _____, 20__
Darlean Lake, Justice Court Clerk
Coahoma County, Mississippi
By _____ D.C.

1  taxes on interstate or intrastate commerce against Tracy Arnold using the roads
2  not involved in commerce.

3  5.11 . This instant suit is a general revenue tax dispute and the driver's license is a state-
4  wide license and is a permission to engage in the business designated.

5  "A license confers a privilege, and makes the doing of something legal, which, if
6  done without it, would be illegal...Calling the tax receipt a "license" and the tax a
7  "license tax" does not confine the lawful authority to transact this business to
8  those who have paid the tax and procured the "license" any more than an ordi-
9  nary tax on property creates a right or authority to own property. A license is a
10 police regulation controlling the exercise of a profession, business or occupation."
11 FLANIGAN v. SIERRA COUNTY., 25 S. Ct. 314, 196 U.S. 553

12 5.12 . Plaintiff seeks to establish a civil in nature debtor-creditor relationship with re-
13 spondent.

14 2017 Mississippi Code Title 85 - Debtor-Creditor Relationship Chapter 13 - Auto-
15 mated Data Match System for Identifying and Seizing Financial Assets of Obligors
16 Identified by Department of Revenue § 85-13-1. Definitions as used in this chap-
17 ter: (a) "Commissioner" means the Commissioner of Revenue of the Mississippi
18 Department of Revenue. (b) "Department" means the Mississippi Department of
19 Revenue. (c) "Finally determined tax liabilities" means any state tax, fee, penalty,
20 and/or interest owed by a person to the department where the assessment of the li-
21 ability is not subject to any further timely filed administrative or judicial review.
22 Miss. Code. 85-13-1(c)

## 6. JURY DEMAND

23 6.1 . Plaintiff did not demand a Jury in the state-court suit.
24 6.2 . Respondent does not request a Jury.

## CONCLUSION

25 1. There is no state B51 No Drivers License and the only B51 No Drivers License known
26 to the Respondent is found at 23 CFR Ch. 3 Part 1327 Appendix A Part 1- For
27 Cause Withdrawals. The AAMVA codes contain no facts for circumstances and
28 provide plaintiffs no cause action in State Court.

CERTIFIED A TRUE COPY
This ___ day of _____, 20__
Darlean Lake, Justice Court Clerk
Coahoma County, Mississippi
By _____

2. There is no state cause of action alleged in the suit therefore respondent removes this case to the United States District Court for the Northern District of Mississippi as the allegations on the face of the complaint are federal in nature.

3. The Mississippi Criminal Rules do not apply to misdemeanor traffic tickets see MR-CrP 3.1(c), No procedure for challenging the misdemeanor traffic tickets are set out in Mississippi Code or Mississippi Administrative Code. The B51 No Drivers License imposes no duty on Tracy and is not a criminal penalty provision.

Wherefore, Tracy Arnold requests that this Honorable Court to remove this suit to the United States District Court for Northern Mississippi.

_Tracy Arnold  9/13/18_
Tracy Arnold, Respondent (Pro Se)
1400 Harris Rd Adamsville Tennessee 38310
Telephone:(423)529-4323
Tracy.Arnold@net.org

_____  9/13/18
_Levi Thurston_  9-13-18   Witnesses

"... ... (A)t the mouth of two witnesses, or at the mouth of three witnesses, shall the matter be established." Deuteronomy 19:1

CERTIFIED A TRUE COPY
This ___ day of _____, 20___
Darlean Lake, Justice Court Clerk
Coahoma County, Mississippi
By _____ D.C.