IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARSHALL FISCHER, Mississippi**
**Commissioner of Public Safety, et al.**                             **PLAINTIFFS**

**v.**                     **CIVIL ACTION NO. 4:18CV191-DMB-RP**

**TRACY ARNOLD**                                                                 **DEFENDANT**

**SHOW CAUSE ORDER**

This matter is before the Court, *sua sponte*, ordering the plaintiff to show cause why her case should not be dismissed for lack of jurisdiction.[i] Tracy Arnold removed a misdemeanor traffic ticket she received in Coahoma County, Mississippi for "no drivers license (expired)." Docket 1. The Notice of Removal asserts that it "is proper because plaintiff's suit is civil in nature and involves a federal question see 28 USC §§ 1331, 1441(a)." Docket 1, p. 2. Her Notice of Removal contains many statements purporting to be laws relating to drivers license and why she believes she does not need to possess one. However, plaintiff does not state any authority for why her ticket for failing to possess a drivers license is removable to federal court.

Before the court can reach the merits of any case before it, the court must be assured that jurisdiction exists. "Federal Courts are courts of limited jurisdiction, without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case. It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254. "It is to be presumed that a cause lies outside [a

1

federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Pershing, L.L.C. v. Kiebach,* 2016 WL 1375874, at *1 (5th Cir. Apr. 6, 2016). "The mere mention of a federal statute or regulation is not sufficient to confer federal question jurisdiction." *Copeland v. Michaels Corp.*, 2016 WL 2978621, *2 (N.D. Miss. May 20, 2016).

In the case at hand, both the alleged federal questions identified by plaintiff and the facts asserted by plaintiff in her Complaint are insufficient to establish jurisdiction in the United States District Court for the Northern District of Mississippi. "Only a very small class of criminal cases are removable to federal court." *Munk v. Texas*, 2015 WL 1003863, *2 (W.D. Texas March 5, 2015) (see *Burditt v. City of Austin Mun. Court*, No A-10 CA-444 SS, 2010 WL 2674564, at *1 (W.D. Tex. Jul. 2, 2010)(holding no federal question jurisdiction over municipal court case where city seeks to enforce traffic citation). It does not appear that plaintiff's claims would fall under the very narrow purview of criminal cases that may be removable to federal court.

Accordingly, it is

ORDERED

That plaintiff must, no later than December 20, 2018, provide the court with sufficient information to establish jurisdiction in this court. If, by December 20, 2018, plaintiff fails to respond to this order to establish jurisdiction or fails to establish that jurisdiction is proper, her case will be dismissed by the court.

This, the 7th day of December, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[i] Although Defendant has not raised the issue of a failure in this respect, the Court must make an independent inquiry into its jurisdiction. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (Ginsburg, J., dissenting) (citing *Bender v. Willamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").