Exhibit A

# AT THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

Marshall Fisher (Mississippi Commissioner of Public Safety), Herb Frierson (Mississippi Commissioner of Revenue), Jim Hood (State of Mississippi Attorney General), Marvin Vaughn

      Plaintiffs (Counter-Defendants)

vs.

Tracy Arnold,

      Respondent (Counter-Plaintiff)

Cause # 4:18-cv-00191-DMB-RP

Jury NOT requested:
*"Deuteronomy 25:1: If there be a controversy between men, and they come unto judgment, that the judges may judge them; then they shall justify the righteous, and condemn the wicked."*

*DEFENDANT'S ORIGINAL ANSWER AND COUNTER CLAIM*

## 1. ADMISSIONS AND DENIALS

1    1.1 . Respondent, denies engaging in Traffic.

2    1.2 . Respondent, denies any violation.

3    1.3 . Respondent, has no knowledge of being in Coahoma County.

4    1.4 . Respondent, has no knowledge of where JONESTOWN CL is.

5    1.5 . Respondent admits to being on Hwy 6.

6    1.6 . Respondent, admits her name is Tracy Arnold.

7    1.7 . Respondent, admits that a License Address is Not Applicable.

8    1.8 . Respondent, admits that the City, State and Zip for the License is Not Applicable.

9    1.9 . Respondent, admits that a Driver's License Number is Not Applicable.

10    1.10 . Respondent, admits that the class is Not Applicable.

11    1.11 . Respondent, admits that the State is Not Applicable.

12    1.12 . Respondent, denies the Vehicle License Number was in use.

Case: 4:18-cv-00191-DMB-RP Doc #: 5 Filed: 10/03/18 2 of 19 PageID #: 18

1  1.13 . Respondent, admits her current address is 1400 Harris Road, Adamsville, Tennes-
2       see ,38310.
3  1.14 . Respondent, denies operating a motor vehicle.
4  1.15 . Respondent, denies willfully and unlawfully committing the offense of "B51 No
5       Drivers License".
6  1.16 . Respondent denies doing anything against the peace and dignity of the State of
7       Mississippi.

## 2. ADDITIONAL DEFENSES

8  2.1 . Plaintiffs complaint fails to state facts to the essential elements of willfulness. The
9      complaint alleges that the respondent willfully committed the offense of a "B51 No
10     Driver's License". The B51 No Driver's License does not impose a duty on Re-
11     spondent therefore, respondent could not have intentionally and voluntarily
12     breached a known legal duty to the B51 No Driver's License.
13  2.2 . Plaintiffs complaint fails to state facts to the essential elements of motor vehicle
14     which is a self propelled device used as an instrumentality of commerce. The Plain-
15     tiff alleges the operation of a Motor Vehicle without determining whether Respon-
16     dent was engaging in interstate or intrastate commerce therefore required to pay a
17     privilege tax. Mississippi Code 63-25-1 provides that an automobile required to
18     pay a privilege tax is a motor vehicle. Privilege taxes are taxes on privileges which
19     is defined as for profit activity affecting a public interest.
20  2.3 . Plaintiffs complaint fails to state facts or circumstances of for profit activity affect-
21     ing the public to which is the only reason for the Vehicle License Number to be on
22     the face of the complaint. The Vehicle License Number is a privilege tax receipt. It
23     is the permission for the automobile to engage in interstate or intrastate commerce.
24     A license confers a privilege and is a tax receipt for that privilege it is also a police

1  regulation controlling the exercise of a profession, business or occupation and the
2  like. Respondent was not using the automobile as an instrumentality of commerce
3  therefore the Vehicle License Number listed in this complaint is not relevant.
4  2.4 . Plaintiffs complaint alleges Defendant violated a Dictionary Code from 23 CFR Ch.
5  3 Part 1327 Appendix A Part 1. The dictionary code imposes no duty on the Re-
6  spondent and they are not enforcement provisions.

## COUNTER CLAIM

### 3. INTRODUCTION

7  3.1 . The Attorney General and Commissioner of Public Safety are responsible pursuant
8  to Ms Code 63-9-21(2) for prescribing a traffic ticket that constitutes a complaint
9  for which the ticket was written. The complaints do not provide an area for facts
10 and circumstances to the essential elements of the allegations. The complaints fail
11 to state the applicable state law allegedly breached and in place of any state law
12 breached, the Attorney General and Commissioner of Public Safety used the dictio-
13 nary codes found at 23 CFR Ch.3 Part 1327 Appendix A. On the face of the Mis-
14 sissippi Uniform Traffic Tickets are federal questions and there is no state law alle-
15 gation existing on the face of the alleged complaint. There is no main statute em-
16 powering a State court or any court on the face of the complaint. The Mississippi
17 Supreme Court ratified the actions of the Attorney General and Commissioner of
18 Public Safety by ruling that the traffic ticket, once signed, is a complaint merely be-
19 cause the Legislature says the Uniform Traffic Ticket shall constitute a complaint.
20 The Mississippi Supreme Courts decision that the Uniform Traffic Ticket is a com-
21 plaint regardless of the content constitutes a violation of substantive due process.
22 The Mississippi Supreme Court ignored the essential elements of a complaint and
23 swept under the rug the fact that the tickets do not fully inform the accused.

1   3.2 . Mississippi Justice and Municipal Courts in Mississippi move these tickets as if the
2       tickets are Criminal and deny access to Civil Rules of Procedure. Mississippi Crim-
3       inal Rule 3.1(c) comments provide that misdemeanor traffic tickets are not gov-
4       erned by the Criminal Rules and are governed by Ms Code 63-9-21 which provides
5       that the tickets shall constitute a complaint. The Tickets do not contain allegations,
6       laws violated or any facts leading to the dispute therefore do not constitute a com-
7       plaint.
8   3.3 . As far as challenging or appealing misdemeanor traffic tickets, there currently are
9       no rules or procedures for challenging or appealing misdemeanor traffic tickets
10      within the Mississippi Code, Criminal Rules of Procedure or Administrative Code.
11  3.4 . Tracy Arnold was denied access to the Civil Rules of Procedure by the Justice Court
12      of Clarksdale Mississippi and Criminal Rules of Procedure do not apply to misde-
13      meanor traffic tickets.
14  3.5 . On top of all of this, in black letter law, the driver's license and registration is a tax
15      receipt and permission to use an automobile as an instrumentality of commerce, on
16      the roads, in interstate or intrastate commerce. The executive branch fails to re-
17      quire any facts of any for profit activity affecting a public interest and instead in-
18      sists that Plaintiffs "must have a driver's license to use the roads".
19  3.6 . In place of the law, the Department of Public Safety of Mississippi is enforcing
20      Chief Justice Taney's Dred Scott decision on all people equally and not just the
21      'slave races' as Chief Justice Taney put it. Therefore, Tracy Arnold will continue to
22      be stopped, seized, taken up and forced to pay all charges arising thereby if she is
23      caught without a pass for mere travel. All of this is sworn to be against the peace
24      and dignity of the State of Mississippi.

## 4. FACTS

### 4.1 . STOPPED AND SEIZED ON AUGUST 18TH 2018

4.1.1 . On August 18th, 2018 Marvin Vaughn issued a uniform traffic ticket to Tracy Arnold.

4.1.2 . Tracy Arnold was stopped and seized and interrogated for a drivers license.

4.1.3 . Tracy Arnold was threatened to be taken up and taken to jail.

4.1.4 . Tracy Arnold was hand delivered a complaint.

4.1.5 . The Uniform Traffic Ticket/Complaint issued by Marvin Vaughn alleges that Tracy breached dictionary codes found at 23 CFR Ch.3 Part 1327 Appendix A Part 1.

4.1.6 . The dictionary codes communicate between the states and the National Driver Register Convictions and For Cause Withdrawals.

4.1.7 . The dictionary codes are not penalty provisions and do not impose a duty on Tracy Arnold.

4.1.8 . The dictionary codes have no essential elements and are not penalty provisions or main staututes empowering any court.

4.1.9 . There are no state codes that match the allegation on the face of the complaint.

4.1.10 . Title 23 CFR Ch.3 Part 1327 is the executive implementation of 49 U.S.C. Ch. 303, specifically for procedures for participating in and receiving information from the national driver register.

4.1.11 . The B51 no drivers license is a for cause withdrawal code which is defined at 23 CFR Ch.3 Part 1327.5 as a code to communicate that a motor vehicle operator's license has been denied, canceled, revoked, or suspended.

4.1.12 . Tracy Arnold did not access the NDR.

4.1.13 . Tracy Arnold did not disclose NDR information.

4.1.14 . Tracy Arnold did not attempt to falsify NDR information.

4.1.15 . The ticket alleges that Tracy Arnold operated a motor vehicle.

4.1.16 . MS Code 63-21-5 provides that an automobile required to pay a privilege tax is a motor vehicle.

4.1.17 . When the privilege ends the regulation ceases.

4.1.18 . Tracy Arnold does not use the roads for any for profit activity affecting a public interest.

4.1.19 . Tracy Arnold does not engage in interstate or intrastate commerce.

4.1.20 . Marvin Vaughn on August 18,2018 told Tracy "you know you have to have a driver's license" as he walked back to his car to write the ticket.

4.1.21 . A license is a mere tax receipt to engage in a privilege.

4.1.22 . A license is a police regulation of profession, occupation and business.

4.1.23 . When no trade is carried on, or intended to be carried on, under the license, it is clear that the license is a fraud upon the State law, if that law is in other respects valid.

4.1.24 . Tracy Arnold did not engage in a privilege.

4.1.25 . The essential elements of privilege is occupation and business, a for profit activity affecting a public interest.

4.1.26 . A privilege is whatever business, pursuit, occupation, or vocation, affecting the public, the Legislature chooses to declare and tax as such.

4.1.27 . The Legislature cannot name something to be a taxable privilege unless it is first a privilege.

4.1.28 . Tracy Arnold has an absolute right to use the public roads and highways in a customary and reasonable manner so long as they are not closed by legislative sanction.

4.1.29 . The State cannot compel commerce.

4.1.30 . Congress cannot compel commerce.

1    4.1.31 . Mississippi Code 63-1-5 reference MS Code 27-19-3 which is in regard to privi-
2          lege and excise taxation.

3    4.1.32 . MS Code 27-19-143 Reciprocity provides that the agreement concerns all motor
4          vehicles in foreign or interstate commerce.

5    4.1.33 . The only difference between commercial and non-commercial class licenses are
6          weight division, passenger seating and hazardous waste designation.

7    4.1.34 . Every man is called a passenger who pays freight for his own person, and for
8          goods which are not merchandise.

9    4.1.35 . MS Code 63-1-33(3) provides that the payment of a privilege tax is required
10         prior to the road test to obtain a driver's license.

11    4.1.36 . Tracy Arnold does not use the roads for livelihood or gain.

12    4.1.37 . A Vehicle License Number is also a "license plate" or "tag" or "registration".

13    4.1.38 . MS Code 27-19-31 and 27-19-131 provides that registration in Mississippi con-
14         stitutes a privilege tax.

15    4.1.39 . Tracy Arnold was not engaged in business or occupation as she used the auto-
16         mobile that displayed the permission to engage in interstate or intrastate commerce
17         on the rear.

18    4.1.40 . Marvin Vaughn did not request from Tracy Arnold information pertaining to in-
19         terstate or intrastate commerce.

20    4.1.41 . Marvin Vaughn only requested the driver's license.

21    4.1.42 . Licenses are a tax laid for those engged in for profit activity affecting a public
22         interest.

23    4.1.43 . Driver's Licenses are tax receipts laid on instrumentalities of commerce using the
24         roads for livelihood or gain in interstate or intrastate commerce.

## 4.2 . RULES AND PROCEDURE

25    4.2.1 . Tracy Arnold was told by Coahoma County Prosecutor, John Sherman, that this

1    is Criminal.

2    4.2.2 . Mississippi Rules of Criminal Procedure 3.1(c) provides that misdemeanor traffic

3        tickets are governed by statute and not these rules.

4    4.2.3 . Criminal prosecutions require a probable cause determination.

5    4.2.4 . There are no rules or procedure in Mississippi Code or Mississippi Administrative

6        Procedure for challenging misdemeanor traffic tickets.

7    4.2.5 . There are no rules or procedure in Mississippi Code for appealing misdemeanor

8        traffic tickers.

9    4.2.6 . Fines and Penalties from misdemeanor traffic tickets create a debtor-creditor rela-

10       tionship with the Dept. of Revenue.

11   4.2.7 . MS Code 85-13-1 provides "Finally determined tax liabilities" means any state

12       tax, fee, penalty, and/or interest owed by a person to the department where the as-

13       sessment of the liability is not subject to any further timely filed administrative or

14       judicial review and "Department" means the Mississippi Department of Revenue.

15   4.2.8 . The B51 No Drivers License Dictionary Code is not a criminal penalty provision.

## 4.3 . UNIFORM TRAFFIC TICKET

16   4.3.1 . MS Code 63-9-21(2) provides that the Attorney General and Commissioner of

17       Public Safety are responsible for prescribing the traffic tickets.

18   4.3.2 . MS Code 63-9-21(3)(c) provides that the uniform traffic ticket shall include infor-

19       mation that will constitute a complaint charging the offense for which the ticket

20       was issued.

21   4.3.3 . Mississippi Uniform Traffic Tickets do not allege facts or circumstances to the es-

22       sential elements of the allegations.

23   4.3.4 . The Mississippi Uniform Traffic Tickets do not allege a Mississippi law violated.

## 4.4 . CONGRESS' INVOLVEMENT

1   4.4.1 . If it not be commerce, Congress has no concern with it.

2   4.4.2 . Congress has power to regulate commerce.

3   4.4.3 . The Uniform Traffic Ticket issued to Tracy Arnold on August 18, 2018 alleges

4      codes at 23 CFR Ch.3 Part 1327 Appendix A part 1 - for cause withdrawals- .

5   4.4.4 . For cause withdrawals are actions already completed, specifically defined at 23

6      CFR Ch. 3 Part 1237.5 as operators licenses which have been denied, revoked,

7      canceled or suspended.

8   4.4.5 . 23 CFR Ch.3 Part 1327 is the Executive Implementation of 49 U.S.C. Ch. 303 .

9   4.4.6 . The B51 No Drivers License is used to communicate for cause withdrawals to

10     other states and the National Driver Register (NDR).

11  4.4.7 . Title 6 CFR Ch.1 Part 37 regulates the application and documents the applicant

12     must provide, document verification requirements, physical features, surface and

13     other aspects of the driver's license and identification cards.

14  4.4.8 . Title 6 CFR is the Executive implementation of 49 U.S.C. Ch. 303, specifically for

15     driver's licenses and identification cards.

16  4.4.9 . Congress may control state laws so far as it may be necessary to control them for

17     the regulation of commerce.

18  4.4.10 . Congress is powerless to regulate anything which is not commerce.

19  4.4.11 . On the face of the complaint is Congress' involvement.

## 4.5 . COMMERCE OR DRED SCOTT

20  4.5.1 . Tracy Arnold is not a resident of nor domiciled in Mississippi.

21  4.5.2 . MS Code 27-19-143 Reciprocity provides that the agreement concerns all motor

22     vehicles in foreign or interstate commerce.

23  4.5.3 . Congress is regulating the Driver's Licenses.

24  4.5.4 . The National Driver Register Act was enacted by Congress.

4.5.5 . Privilege taxes are required for the operation of motor vehicles.

4.5.6 . None of the allegations printed on the face of the complaints are State Law.

4.5.7 . Every alleged offense printed on the face of the Uniform Traffic Tickets are dictionary codes used to communicate to other states and the National Driver Register.

4.5.8 . Traffic is Commerce.

4.5.9 . To take out a license and not use it for the business designated constitutes a fraud upon the State.

4.5.10 . Tracy Arnold will be stopped and seized for not committing fraud on the state.

4.5.11 . Tracy Arnold is threatened with jail for not displaying her pass for travel.

4.5.12 . It is alleged that without the pass for travel Tracy Arnold commits an alleged offense against the peace and dignity of the State of Mississippi.

4.5.13 . Tracy Arnold is not free to go wherever she so pleases without molestation.

4.5.14 . All races must carry pass or passport in order to go wherever they please.

4.5.15 . Tracy Arnold is not free to use the roads that the public has an absolute right to.

## 4.6 . RELIGIOUS OBJECTIONS

4.6.1 . Tracy Arnold has a religious objection against committing fraud on the state.

4.6.2 . Tracy Arnold has a religious objection against bearing false witness.

4.6.3 . Tracy Arnold has a religious objection to worshiping foreign and alien Elohims.

4.6.4 . Tracy Arnold has a religious objection to the Social Security Number.

4.6.5 . Applying for and obtaining a driver's license and not using it for the business designated would cause Tracy Arnold to commit fraud upon the state to which Tracy Arnold, specifically her religious objection to bearing false witness.

4.6.6 . Tracy Arnold would have to knowingly and intentionally lie about being engaged in interstate or intrastate commerce in order to apply for and obtain a drivers license which would cause her to violate her truly and sincerely held religious beliefs specifically bearing false witness.

4.6.7 . Social Security promises to care for participating individuals in old age and Tracy Arnold has a religious objection to putting her long term care in the hands of social security which would cause Tracy Arnold to go against her truly and sincerely held religious beliefs to not worship foreign and alien Elohim.

4.6.8 . Tracy Arnold's Long term care is in the Almighty's hands.

4.6.9 . Social Security is controlled by Congress and if it not be commerce congress has no concern with it.

4.6.10 . Scripture tells us not to get the mark of the beast and talks about being unable to buy, sell or trade without that mark which Tracy Arnold truly and sincerely believes is the social security number.

## 5. COUNTS

### 5.1 . COUNT 1 VIOLATION OF THE THIRTEENTH AMENDMENTS PROHIBITION AGAINST INVOLUNTARY SERVITUDE AGAINST ALL DEFENDANTS

5.1.1 . Counter-Plaintiff repeats and re-alleges paragraphs 4.1.1 - 4.6.10 above as if fully set forth herein.

5.1.2 . Counter-Defendants are attempting to coerce Tracy Arnold into getting permission to use the roads for interstate or intrastate commerce, specifically by attempting to compel licensing.

5.1.3 . Counter-Plaintiff does not engage in interstate or intrastate commerce and does not use the roads in any for profit activity affecting a public interest.

5.1.4 . Counter-Plaintiff does not engage in any privileged activity therefore requiring the payment of a privilege tax.

5.1.5 . Counter-Plaintiff alleges that because the driver's license constitutes a privilege tax (a tax receipt for a privilege) and is required to merely use the roads that the public has an absolute right to, that the Counter-Defendants are either attempting to compel commerce or they are enforcing Chief Justice Taney's Dred Scott decision

1   on all races equally and not just the "slave races" as Taney put it.

2   5.1.6 . Use of the roads when no interstate or intrastate commerce is involved yet demand a license using slight changes in terms is to apply descriptions from Dred Scott of the badges and incidents of slavery. Blatant discrimination by unconstitutional application of general revenue tax on commerce against men and women using the roads not involved in a privilege is to treat them as an inferior class, and to subject them to strict police regulations, drawing a broad line of distinction between the citizen and the slave races and is also a provision by which any negro, Indian, or mulatto servant who was found wandering out of the town or place to which he belonged without a written pass such as is therein described was made liable to be seized by anyone, and taken before the next authority to be examined and delivered up .... to pay the charge which had accrued thereby. And..... provides that if any free negro shall travel without such pass, and shall be stopped, seized, or taken up, he shall pay all charges arising thereby.

5.1.7 . Involuntary servitude involves a condition of having some of the incidents of slavery.

5.1.8 . Counter-Defendants, under the guise of public safety via the police power are requiring a license to engage in a "privilege" regulated by Congress and attempting to compel the plaintiffs to engage in for profit activity affecting a public interest against their will and without just compensation therefore violating the thirteenth amendments prohibition against involuntary servitude.

5.1.9 . Counter-Defendants completely disregarded the Thirteenth Amendments prohibition against involuntary servitude.

5.1.10 . The Thirteenth Amendment abolished involuntary servitude.

5.1.11 . As a result of the Counter-Plaintiffs failure to carry badges and incidents of slav-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

ery or engage in interstate or intrastate commerce, Tracy Arnold was stopped and seized, threatened to be taken up and charges were imposed.

5.1.12 . Tracy was not free to wander wherever she pleased without molestation.

5.2 . COUNT 2 - VIOLATION OF THE FIFTH AMENDMENTS PROCEDURAL DUE PROCESS GUARANTEE AGAINST ALL DEFENDANTS AGAINST ALL DEFENDANT

5.2.1 . Counter-Plaintiff repeats and re-alleges paragraphs 4.1.1 - 4.6.10 above as if fully set forth herein.

5.2.2 . The Fifth Amendment to the United States Constitution and Article 3 Section 14 of the Mississippi Constitution provides that no person shall be deprived of life, liberty or property except by due process of law.

5.2.3 . There are two steps to a procedural due process analysis: the court must first determine there was a deprivation of a protected liberty or property interest, and if so, the Court assesses what process was due.

5.2.4 . The Counter-Defendants actions deprive Tracy Arnold of her Liberty interest in being free to wander at any hour, day or night, without molestation. The Counter-Defendants actions interfere with Tracy Arnold's liberty interest by misapplying tax laws and attempting to compel Tracy Arnold into interstate or intrastate commerce without any rules or procedures for challenging the Counter-Defendants actions or appealing the decision out of the Justice Court.

5.2.5 . Procedural Due Process requires there to procedures for challenging and appealing the Counter-Defendants actions.

5.2.6 . Mississippi Rules of Criminal Rules of Procedure 3.1(c) specifically states that misdemeanor traffic tickets are governed by MS Code 63-9-21 and not the Criminal Rules.

13 of 16

5.2.7 . There are no rules or procedure for challenging or appealing misdemeanor traffic tickets in Mississippi Code or Mississippi Administrative Code.

5.2.8 . The Due Process Clause also encompasses a third type of protection, a guarantee of fair procedure. The deprivation by state action of a liberty interest is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. Procedural due process rules are mean to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty or property.

5.2.9 . To determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided and whether is was constitutionally adequate.

5.2.10 . Due Process protects Tracy Arnold's right to not be coerced except by lawful judicial power.

5.2.11 . Procedural due process demands that procedures be in place.

### 5.3 . COUNT 3 VIOLATION OF THE FEDERAL FREE EXERCISE CLAUSE UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AGAINST ALL DEFENDANT

5.3.1 . Counter-Plaintiff repeats and re-alleges the allegation in paragraphs 4.1.1 - 4.6.10 above as if fully set forth herein.

5.3.2 . Counter-Plaintiffs' sincerely held religious beliefs prevents her from commiting fraud on the State of Mississippi, lying, worshiping foreign and alien lawmakers, taking the mark of the beast and putting her future into hands other than the Almighty's.

5.3.3 . The Executive Branch of Mississippi, misapplying the law as written and enforcing privilege tax laws on all people regardless of whether their activity is privileged imposes a substantial burden on Counter-Pliantiffs free exercise of religion by attempting to coerce her to go against the Almighty and choose between committing

14 of 16

1   fraud on the State by taking out a license and not using it for the business desig-
2   nated or paying substantial penalties to the governement.

3   5.3.4 . The license furthers no compelling governemental interest in compelling Tracy
4       Arnold to violate scripture to commit fraud on the state.

5   5.3.5 . The license furthers no compelling governmental interest by compelling the use of
6       a social security number when Tracy Arnold is religiously barred from the benefit
7       program which is voluntary.

8   5.3.6 . Plaintiffs exercise of religion has been prohibited by the Counter-Defendants by
9       threat of incarceration, threat of property loss for using the roads to travel to reli-
10      gious services, traveling for holy days, ministering the word, traveling to help
11      neighbors or traveling to help widows and orphans.

12  5.3.7 . Counter-Plaintiffs merely paying a privilege tax does not reduce any risk to the
13      public. Licenses are mere tax receipts and police regulations for the bussinesses, oc-
14      cupations, vocations and callings.

15  5.3.8 . In the alternative to requiring licenses to allegedly pay for the roads, gas taxes
16      could be increased. Tracy Arnold should not be required to obtain a license for
17      some privilege when she does not engage in any for profit activity affecting a pub-
18      lic interest.

19  5.3.9 . The least restrictive alternative would be for the Counter-Defendants to apply the
20      law as written in black letter law and to obey controlling court decisions from the
21      United States Supreme Court.

## 6. CONCLUSION

22  Wherefore, Counter-Plaintiff requests that this Honorable Court:

23      1.) Declare the Counter-Defendants actions to violate the Fifth Amendments to the
24      United States Constitution;

2.) Declare the Counter-Defendants actions to violate the Thirteenth Amendment to the United State Constitution;

3.) Declare the Counter-Defendants actions to violate the First Amendment to the United States Constitution.

4.) Award Tracy Arnold $100,000 in compensatory damages;

5.) Award Tracy Arnold $200,000 in punitive damages;

6.) Such other and further relief as the court shall deem proper;

Tracy Arnold (pro se)
1400 Harris Rd
Adamsville, Tennessee, 38310
email: tracy@arnoldnet.org
Tel: (423)529-4335
Alt: (423)529-4323

Witnesses

"... ... (A)t the mouth of two witnesses, or at the mouth of three witnesses, shall the matter be established." Deuteronomy 19:1