RECEIVED
DEC 20 2018
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

# AT THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Marshall Fisher (Mississippi Commissioner of Public Safety), Herb Frierson (Mississippi Commissioner of Revenue), Jim Hood (State of Mississippi Attorney General), Marvin Vaughn<br>      Plaintiffs (Counter-Defendants)<br><br>vs.<br><br>Tracy Arnold,<br>      Respondent (Counter-Plaintiff) | Cause # 4:18-cv-00191-DMB-RP<br><br>Jury NOT requested:<br><br>*"Deuteronomy 25:1: If there be a controversy between men, and they come unto judgment, that the judges may judge them; then they shall justify the righteous, and condemn the wicked."* |

## RESPONSE TO THE COURTS ORDER TO SHOW CAUSE

COMES NOW, Tracy Arnold, Respondent (Counter-Plaintiff), who respectfully submits this Response to this Honorable Courts Order to Show Cause "why action should not be dismissed for lack of jurisdiction" entered December 7th, 2018 as Docket No. 7.

### 1. FEDERAL QUESTION JURISDICTION

1.1. Fisher et all, the Plaintiffs, on their own showing raise a substantial federal question and plead federal jurisdiction over this cause because on the face of their complaint is 17 references to Title 23 of the Code of Federal Regulations, specifically, each and every item on the face of their complaint are found only in 23 CFR Ch.3 Part 1327 Appendix A (see EXHIBIT A) and not a single reference to any State law, statute or regulation can be found within the 4 corners of their complaint.

'"[F]ederal question" jurisdiction has long been governed by the well-pleaded-complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."' Caterpillar Inc. v. Williams, 482 U. S. 386, 392 (1987).

1.2. The Plaintiffs are the master of their claim and present a complaint that invokes federal regulation as the basis for relief and did not assert a state law claim on the face of their complaint. See Notice of Removal pg. 2 paragraph 1.6.

'A federal question "is presented" when the complaint invokes federal law as the basis for relief. It does not suffice that the facts alleged in support of an asserted state-law claim would also support a federal claim. "The [well-pleaded-complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."' Ibid. See also The Fair v. Kohler Die & Specialty Co., 228 U. S. 22, 25 (1913)

1.3. In Copeland v. Michaels Corp., it seems the Plaintiff's facts admit to being involved in a benefit program and thus has consented to the rules and procedures of that program, otherwise being the master of the claim Copeland could choose the venue most favorable to Copelands cause. Tracy is not involved in the benefit licensing scheme and the Plaintiff's facts on the complaint agrees Tracy does not have a license. Tracy does not have a plumber's license, nor dental license, nor teacher's license, nor medical license, nor attorney's license, nor driver's license as she is not engaged in any of these activities that lawfully require a license. ie., tax receipt.

1.4. A license first requires that the activity is for-profit, second, the profit is derived from or affects the public and last the license requires that the legislative body has declared the occupation a privilege and taxes it as such.

1.5. For the record, the Federal Regulation at "23 CFR 1327 Appendix A Part I - For Cause Withdrawls B51 Expired or no driver license", alleged as the Plaintiffs' claim for relief is the exact code mandated by United States Department of Transportation for participating states to record the final determination of the action. Therefore, the Plaintiff is using Federal Regulation as their basis for relief on the face of the complaint and using that exact federal regulation to report the final outcome to the federally enacted National Driver Registry System which is controlled and regulated by the U. S. Dept. of Transportation.

1.6. The Plaintiffs', on their own showing, have chosen to move under federal regulation and not any state law. For the District Court to ignore the federal question on the face of the complaint would be to ignore the decision in Caterpillar Inc. v. Williams, 482 U. S. 386, 392 (1987) specifically by ignoring that a federal question "is presented" when the complaint invokes federal law as the basis for relief which is exactly what we see on the face of the Plaintiffs' complaint.

1.7. The Plaintiffs cannot make use of 23 CFR 1327 in any way not contemplated by the US Dept. of Transportation and Congress.

## 2. DIVERSITY OF CITIZENSHIP

2.1. Tracy is not domiciled in Mississippi.

2.2. Tracy is not a resident of Mississippi.

## 3. TRAFFIC

3.1. The other unquestioned context of the complaint is that it is connected to traffic.

3.2. In the context of lawful government action, traffic is wholly and completely a subset of commerce.

In the case of Gibbons v. Ogden the court said,–'Commerce is traffic; but it is something more. It is intercourse. It describes the commercial intercourse between nations in all its branches, and is regulated by prescribing rules for carrying on that intercourse.' ... 'In regulating commerce with foreign nations, the power of Congress does not stop at the jurisdictional lines of the several States. It would be a very useless power if it could not pass those lines.' 'If Congress has the power to regulate it, that power must be exercised whenever the subject exists. **If it exists within the States, if a foreign voyage may commence or terminate at a port within a State, then the power of Congress may be exercised within a State.**' 'The power of Congress comprehends navigation within the limits of every State in the Union, so far as that navigation may be connected with commerce with foreign nations, or among the several States.' 'It is the power to regulate; that is, to prescribe the rule by which commerce is governed.' George Smith, Plaintiff In Error, v. William Turner, Health-Commissioner Of The Port Of New York. James Norris, Plaintiff In Error, v. The City Of Boston., 48 U.S. 283, 436 (U.S. 01/01/1849)

3.3. U.S. Dept of Transportation was created and duties, functions and powers of the Secretary of Commerce were transferred to the new Secretary of Transportation in PL 89-670 Sec. 6.

3.4. The Plaintiffs' as agents of the Secretary of Transportation must query the National Driver Register before issuing a Driver's License. The Plaintiff's are not empowered to act with sovereign authority to "license" whomever they will. See 49 USC 30304 (e) and 31 Miss. Code R. Part 1 Rule 10.13.

3.5. Mississippi cannot issue a driver's license unless the federal program allows the issuance of a license. If it not be commerce, Congress is powerless.

## 4. CRIMINAL VS CIVIL

4.1. This Honorable Court in the Order to Show Cause stated that the facts asserted by Tracy Arnold are insufficient to establish jurisdiction because "only a very small class of criminal cases are removable to federal court."

4.2. Title 23 CFR 1327 is criminal or civil does not change the fact it is federal law either way.

4.3. In the Notice of Removal it was stated that Mississippi Rules of Criminal Procedure 3.1(c) comments specifically reads:

"Rule 3.1(c) provides that these **rules** do not affect the use of tickets, citations, or affidavits for misdemeanor traffic violations. Traffic violations are governed by statute, e.g., the Uniform Traffic Ticket Law, Miss. Code Ann. 63-9-21, and not these **Rules**." SEE EXHIBIT B

4.4. Miss. Code Ann. 63-9-21 does not list any rules or procedures for challenging or appealing uniform traffic tickets.

4.5. Currently, there are no rules or procedures set forth in any chapter within Mississippi Code for appealing or challenging uniform traffic tickets.

4.6. This instant case is in regard to a revenue tax that without proof of liability to pay the tax is not criminal in nature. Tracy has not willfully and intentionally failed to

pay any tax and is attempting to reach the merits of the liability of the tax when no privilege is engaged in nor any facts to a privilege alleged.

'A license confers a privilege, and makes the doing of something legal, which, if done without it, would be illegal...Calling the tax receipt a "license" and the tax a "license tax" does not confine the lawful authority to transact this business to those who have paid the tax and procured the "license" any more than an ordinary tax on property creates a right or authority to own property. A license is a police regulation controlling the exercise of a profession, business or occupation.' Flanigan V. Sierra County., 25 S. Ct. 314, 196 U.S. 553

'The essential elements of the definition of privilege is occupation and business, and not the ownership simply of property, or its possession or keeping it. The tax is on the occupation, business, pursuits, vocation, or calling, it being one in which a profit is supposed to be derived by its exercise from the general public, and not a tax on the property itself or the mere ownership of it."...."The legislature cannot, under our constitution, declare the simple enjoyment, possession, or ownership of property of any kind a privilege, and tax it as such. It may declare the business, occupation, vocation, calling, pursuit, or transaction, by which the property is put to a peculiar use for a profit to be derived from the general public, a privilege and tax it as such, but it cannot tax the ownership itself as a privilege. The ownership of the property can only be taxed according to value.' Phillips v. Lewis, 3 Shann. Cas. 231

"Under Mississippi law, driving is a privilege and not a fundamental right." Lavinghouse v. Mississippi Highway Safety Patrol, 620 So. 2d 971 (Miss. 1993).

4.7. The Plaintiffs' complaint does not allege any facts to the essential elements of privilege. There are no facts alleged that Tracy intentionally and voluntarily failed to pay a tax thus would be the only way this tax case could possibly be criminal and even then would still be federal jurisdiction over 23 CFR 1327 and 49 USC 30301 et seq.

'In the course of its instructions, the trial court advised the jury that to prove "willfulness" the Government must prove the voluntary and intentional violation of a known legal duty, a burden that could not be proved by showing mistake, ignorance, or negligence' Cheek v. US, 111 S. Ct. 604, 498 U.S. 192 (U.S. 01/08/1991)

'[T]he obligation to pay taxes is not penal. It is a statutory liability, quasi-contractual in nature, enforcible, if there is no exclusive statutory remedy, in the civil courts by

the common law action of debt or indebitatus assumpsit. United States v. Chamberlin, 219 U.S. 250; Price v. United States, 269 U.S. 492; Dollar Savings Bank v. United States, 19 Wall. 227; and see Stockwell v. United States, 13 Wall. 531, 542; Meredith v. United States, 13 Pet. 486, 493.' Milwaukee County v. M. E. White Co., 296 U.S. 268, 272 (U.S. 12/09/1935)

4.8. Further evidence that this instant suit is not criminal is the fact that the fines/penalties are finally determined tax liabilities which creates a Debtor-Creditor relationship with the Mississippi Department of Revenue. [See Notice of Removal Pg 8 paragraph 5.12.] On the face of the plaintiffs' complaint the offense falls under 23 CFR 1327 which is the executive implementation of 49 U.S.C. 30301 et seq. Neither the statute nor regulation are criminal in nature thus making this instant suit civil and not criminal.

## 5. CONCLUSION

For the reasons stated above, Tracy Arnold respectfully requests this Honorable Court to exercise jurisdiction based on the Plaintiffs' own showing and their well-pleaded-complaint.

*[signature]* 12/20/2018

Tracy Arnold
1400 Harris Rd Adamsville Tennessee 38310
Tel: (423)529-4323
Email: Tracy@Arnoldnet.org