# MISSISSIPPI RULES OF CRIMINAL PROCEDURE

| | |
|---|---|
| Rule 1 | General Provisions |
| Rule 2 | Commencement of Criminal Proceedings |
| Rule 3 | Arrest Warrant or Summons upon Commencement of Criminal Proceedings |
| Rule 4 | Search Warrants |
| Rule 5 | Arrest and Initial Appearance |
| Rule 6 | Preliminary Hearing |
| Rule 7 | Counsel |
| Rule 8 | Release |
| Rule 9 | Trial Setting |
| Rule 10 | Presence of Defendant, Witnesses, and Spectators |
| Rule 11 | Change of the Place of Trial |
| Rule 12 | Mental Examinations |
| Rule 13 | The Grand Jury |
| Rule 14 | Indictment |
| Rule 15 | Arraignment and Pleas |
| Rule 16 | Pre-Trial Motions |
| Rule 17 | Disclosure and Discovery |

**(a) Probable Cause Determination.** If it appears from the charging affidavit and the evidence submitted that there is probable cause to believe that the offense complained of has been committed and that there is probable cause to believe that the defendant committed it, the judge shall proceed under Rule 3.1. Before ruling on a request for a warrant, the judge may examine under oath the affiant and any witnesses the affiant may produce.

**(b) Evidence.** The finding of probable cause shall be based upon evidence, which may be hearsay in whole or in part provided there is a basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished.

### Comment

The purposes served by Rule 2.2 are in accord with Mississippi law and the mandates of the Fourth Amendment to the United States Constitution. As the United States Supreme Court stated in *Giordenello v. United States*, 357 U.S. 480, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958):

> [t]he purpose of the [charging affidavit], then, is to enable the [judge] . . . to determine whether the "probable cause" required to support a warrant exists. The [judge] must judge for himself the persuasiveness of the facts relied on by a[n] [affiant] to show probable cause. [The judge] should not accept without question the [affiant's] mere conclusion that the person whose arrest is sought has committed a crime.

*Id.* at 486. *See also* Miss. Code Ann. § 99-3-28 (regarding "[w]arrants against teachers, jail officers or counselors at adolescent offender programs"); *State v. Delaney*, 52 So. 3d 348 (Miss. 2011).

## Rule 3  Arrest Warrant or Summons upon Commencement of Criminal Proceedings

**Rule 3.1 Issuance of Arrest Warrant or Summons.**



**(a) Issuance**. Upon a finding of probable cause made pursuant to Rule 2.2, or upon a finding that such a determination has previously been made, the judge shall immediately cause to be issued an arrest warrant or, where not prohibited by law, a summons. More than one (1) summons or warrant may issue on the same charging affidavit.

**(b) Summons; Subsequent Issuance of Arrest Warrant**.
*(1) Summons*. Unless otherwise prohibited by law, the judge may issue a summons if:

(A) the defendant is not in custody;

(B) the offense charged is bailable as a matter of right; and

(C) there is no reasonable cause to believe that the defendant will not obey the summons.

*(2) Subsequent Issuance of Arrest Warrant.* After the issuance of a summons, the judge shall issue an arrest warrant if:

(A) the defendant, having been duly summoned, fails to appear;

(B) there is reasonable cause to believe that the defendant will fail to appear; or

(C) the summons cannot be served or delivered for any reason.

**(c) Traffic Citations Unaffected.** The use of tickets, citations, or affidavits for misdemeanor traffic violations shall be as otherwise provided by law.

### Comment

Rule 3.1(a) contemplates that a summons, where not prohibited by law, or arrest warrant shall issue upon a finding that a probable cause determination has been made, for example, by a competent court of another jurisdiction. *See* Miss. Code Ann. § 99-21-1.

Rule 3.1(b) gives the judge discretion to cause a summons to be issued, where not prohibited by law, in those cases in which an arrest warrant is not necessary to secure the presence of the defendant and there is little concern that the defendant will flee. Rule 3.1(b) makes no distinction between felony and misdemeanor cases.

Rule 3.1(c) provides that these Rules do not affect the use of tickets, citations, or affidavits for misdemeanor traffic violations. Traffic violations are governed by statute, e.g., the Uniform Traffic Ticket Law, Miss. Code Ann. § 63-9-21, and not these Rules.

**Rule 3.2 Contents of Arrest Warrant or Summons; Execution, Return.**
**(a) Arrest Warrant.** An arrest warrant issued upon a charging affidavit shall be signed by the issuing judge. The arrest warrant shall:

(1) contain the complete name of the defendant, or if the name is unknown, any name or description by which the defendant can be identified with reasonable certainty;

(2) contain the location of the defendant, if known;

(3) state the offense with which the defendant is charged; and

(4) command that the defendant be arrested and brought before the issuing judge, or, if the issuing judge is unavailable, before the nearest or most accessible judge having jurisdiction. If the defendant is bailable as a matter of right, the arrest warrant may state that the defendant shall be released on his personal recognizance, subject to the mandatory conditions of release in Rule 8.4(a), and directed to appear at a specified time and place, or be released via an appearance bond or a secured appearance bond in an amount predetermined by the court.