# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**STATE OF MISSISSIPPI**                                                              **PLAINTIFF**

**V.**                                                              **NO. 4:18-CV-191-DMB-RP**

**TRACY ARNOLD**                                                              **DEFENDANT**

## ORDER REMANDING CASE

This case is before the Court for review of subject matter jurisdiction.

## I
## Procedural History

On August 18, 2018, Tracy Arnold was issued a "State of Mississippi - Uniform Traffic Ticket" for driving with an expired license. Doc. #2. On August 27, 2018, the Coahoma County, Mississippi, Justice Court set a September 19, 2018, court date for the ticket. Doc. #6-4.

On September 17, 2018, Arnold filed a notice of removal in the United States District Court for the Northern District of Mississippi alleging 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) as the bases for removal. Doc. #1 at 2. The caption of the notice of removal lists Marshall Fisher, Herb Frierson, Jim Hood, and Marvin Vaughn as "Plaintiffs"[1] and Arnold as "Respondent." *Id.* at 1.

Following removal, Arnold filed on October 3, 2018, "Defendant's Original Answer and Counter Claim" in which she asserts defenses to the ticket and counterclaims against Fisher, Frierson, Hood, and Vaughn. Doc. #5 at 1–3 (answer), 3–16 (counterclaims). On December 6, 2018, Arnold filed a document titled, "Counter-Plaintiff's Request for Entry of Default." Doc. #8.

---

[1] Despite Arnold's listing of Fisher, Frierson, Hood, and Vaughn on the notice of removal, the traffic ticket remains simply a matter against Arnold by the State of Mississippi, through the Mississippi Highway Patrol, which the caption of this order accurately reflects and which Arnold may not unilaterally modify. The Clerk of the Court will be directed to correct the docket in this case to conform to the caption of this order.

On December 7, 2018, United States Magistrate Judge Roy Percy ordered Arnold to show cause why her case should not be dismissed for lack of subject matter jurisdiction. Doc. #7 at 2. Arnold timely responded to the show cause order, arguing this case presents a federal question and implicates diversity jurisdiction. Doc. #9 at 1, 3.

## II
## Discussion

28 U.S.C. § 1331, the federal question statute, provides that the federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." By its terms, § 1331 does not grant jurisdiction over criminal cases. Thus, a defendant in a criminal prosecution may not rely on § 1331 as a basis for removal. *See, e.g.*, *Florida v. Cave*, No. 19-61830, 2019 WL 3302571, at *1 (S.D. Fla. July 23, 2019); *California v. Harris*, No. 19-cv-1677, 2019 WL 2493621, at *2 (N.D. Cal. May 6, 2019). Similarly, 28 U.S.C. § 1332, the diversity jurisdiction statute, provides for jurisdiction over "civil actions."[2] Thus, "it is clear that diversity of citizenship is not a proper basis for removal of a criminal proceeding." *Wright v. London Grove Twp.*, 567 F. Supp. 768, 770 (E.D. Pa. 1983).

Despite Arnold's arguments to the contrary,[3] the traffic citation prosecution at issue here is undoubtedly a criminal proceeding. *See* Miss. Code Ann. § 63-1-5(4) (operating a motor vehicle without a license constitutes a misdemeanor); Miss. Code Ann. § 63-9-21(3)(c) ("The ticket shall include information that will constitute a complaint charging the offense for which the ticket was issued, and when duly sworn to and filed with a court of competent jurisdiction, prosecution may

---

[2] Generally, a removing party may not raise a ground for jurisdiction not asserted in the notice of removal. *See Allen v. Bank of Am., N.A.*, 5 F. Supp. 3d 819, 834 (N.D. Tex. 2014) ("BOA has improperly raised diversity jurisdiction as a basis for this Court's jurisdiction because this ground was not raised in the notice of removal and BOA has never amended its notice of removal to include diversity jurisdiction in support of removal."). However, out of an abundance of caution, the Court considers the assertion of diversity jurisdiction in Arnold's response to the order to show cause.

[3] *See* Doc. #1 at 9; Doc. #9 at 4–6.

proceed thereunder.").[4]  Accordingly, remand is warranted because neither § 1331 nor § 1332 provides a basis for jurisdiction over this removed case.

The Court notes, however, that 28 U.S.C. § 1443(1) provides for removal of a criminal action when the criminal proceeding is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Arnold's notice of removal alleges that the enforcement of the ticket is contrary to her civil rights. *See* Doc. #1 at 7–8. Liberally construing Arnold's pro se notice as seeking removal under this provision,[5] the Court still finds remand warranted.

"[I]t must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quotation marks and alterations omitted). While Arnold's notice of removal argues that "[n]o procedure for challenging the misdemeanor traffic tickets are set out in Mississippi Code or Mississippi Administrative Code," Doc. #1 at 9, this is simply untrue. Mississippi's Uniform Traffic Ticket Law expressly requires a defendant be provided an opportunity to be heard. *See* Miss. Code Ann. § 63-9-21(3)(c) (requiring notice of "the name of the court in which the cause is to be heard, and the date and time the person is to appear to answer the charge"). Furthermore, there can be no dispute that Arnold was provided a court date in the state court action. Because there is no indication that Arnold lacks the ability to

---

[4] This criminal matter was docketed as a civil matter at the time of removal. Though this is not a civil matter, the Court leaves intact the erroneous civil designation solely for purposes of remanding the case.

[5] *See People of State of Colo. v. Glaser*, No. 95-1424, 1996 WL 21256, at *1 (10th Cir. 1996) (construing removal of traffic ticket under § 1443).

enforce her rights, no jurisdiction exists under § 1443. Accordingly, the Court must remand this case for lack of subject matter jurisdiction.

## III
## Conclusion

For the reasons above: (1) the Clerk of the Court is **DIRECTED** to modify the docket in this case to conform to the caption of this order; and (2) this case is **REMANDED**.

**SO ORDERED**, this 26th day of July, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**